USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-1-16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINGO BURGOS,

Plaintiff,

-v-

SAN MIGUEL TRANSPORTATION, INC. and CARLOS CAMARENA,

Defendants.

16 Civ. 5929 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On November 11, 2016, the parties applied to the Court for approval of a proposed settlement agreement in this Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL") action. The application contained a joint letter, Dkt. 10 ("Letter"), the proposed agreement, Dkt. 10, Ex. 1 ("Agreement"), and a stipulation dismissing this action with prejudice, Dkt. 10, Ex. 2. For the reasons that follow, the Court is prepared to approve the settlement in principle, but cannot yet approve the proposed agreement in its current form. Specifically, the Court cannot approve the attorney's fee award that is a component of the proposed agreement until plaintiff provides the Court with further information regarding plaintiff's counsel's work on the matter. Accordingly, the Court holds the motion in abeyance until plaintiff submits the data sought herein.

## I. Background

On July 7, 2016, Domingo Burgos brought this action alleging that, between 2012 and June 2016, he was a driver for San Miguel Transportation, a company owned by Carlos Camarena. Dkt. 1 ("Compl."), ¶ 8; *see also* Agreement at 5 (Camarena is the "President of San Miguel Transportation"). Burgos further alleges that he "worked, on average, five (5) days a

week, and his work shift consisted of up to seventeen (17) hours per day, for which he was paid only $90.00 per day." Compl. ¶ 17. Defendants, on the other hand, dispute that Burgos routinely worked more than 40 hours per week. Letter at 3.

Under the Agreement, defendants are required to pay Burgos a sum of $7,500, Agreement ¶ 3, from which Burgos is to retain $5,000, and his counsel is to receive $2,500, *see* Letter at 3. In exchange, Burgos agreed to release his claims against defendants, as reflected in the two overlapping release provisions in the Agreement. The first provision states "that as of the date of the [Agreement] [Burgos] has been paid all wages due, his [sic] no unresolved claims under any wage or discrimination law(s), have [sic] not been prevented from exercising any rights or remedies to which he may be entitled under these statutes and has not been retaliated against by [defendants] for any exercise thereof." Agreement ¶ 3. The second provision releases defendants from "any and all claim for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, related penalties, interest, or any other related claims stated in the complaint." Agreement, Ex. A ¶ 1. Although labeled a "Confidential Settlement Agreement and General Release," the Agreement does not contain a confidentiality or non-disparagement provision. Agreement at 1.

The Court also notes that defendants have proceeded *pro se*,[1] and have stated to Burgos that, for financial reasons, they intend to "default in the action rather than incur defense costs in an

[1] Generally, a corporation must be represented by counsel and may not proceed *pro se*. *See* 28 U.S.C. § 1654; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). However, for limited purposes, an exception may apply permitting an agent of a corporation to represent a corporation when the agent is a party to the action. *See, e.g.*, *Preacely v. AAA Typing & Resume, Inc.*, No. 12 Civ. 1361 (AT), 2015 WL 1266852, at *4 (S.D.N.Y. Mar. 18, 2015) (adopting a Report and Recommendation that permitted a *pro se* corporate appearance); *Pension Benefit Guar. Corp. v. Viking Food Serv., Inc.*, No. 93 Civ. 6837 (LMM), 1994 WL 702042, at *1 (S.D.N.Y. Dec. 14, 1994) ("[O]ccasionally, the courts have held that a corporation may appear through an agent other than an attorney where the agent is a party to the action along with

action in which its exposure would be less than the monetary investment required to defend the action." Letter at 2. Burgos found defendants' threat of default to be "credible." *Id.* at 4.

## II. Discussion

### A. Approval of Settlement Agreement

Under the FLSA, any employer that violates the requirement to pay minimum or overtime wages "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

---

the corporation." (quoting *United States v. Priority Prods., Inc.*, 615 F. Supp. 593, 596 (Ct. Int'l Trade 1985)). The Court finds that this exception applies for the limited purpose of settling this action.

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA non-compliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" *Id.* at 336 (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244 (M.D. Fla. 2010)). Courts in this Circuit also routinely decline to approve settlements containing confidentiality provisions, overbroad non-disparagement provisions, or general release provisions that extend beyond the claims at issue in the lawsuit. *See Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *1-2 (S.D.N.Y. Jan. 15, 2016) (collecting cases).

Having considered the relevant factors, the Court finds they support approval of the Agreement here.

First, although the $7,500 settlement is "far less than the amount [plaintiff and his counsel] initially contemplated," Letter at 4, it is nevertheless reasonable in light "of legitimate concerns about the collectability of a judgment against the defendants," *id.* at 3.

Second, as this case has not proceeded beyond the early stages of filing the complaint, the settlement will save the parties substantial time and expenses. While the parties have undertaken "multiple meetings," *id.* at 4, they have not yet undertaken formal discovery. The settlement will thus allow them to avoid the costs of depositions, motion practice, and trial, and will obviate the need for defendants to hire an attorney.

Third, Burgos would face significant litigation risks were he to proceed to trial. Defendants dispute Burgos' claim that he routinely worked more than 40 hours per week. *Id.* at

2. And, because defendants "kept records, filled out by Mr. Burgos, confirming 'off duty' periods," Burgos' ability to recover would have turned largely on his credibility at trial. *Id.* There is also a risk that Burgos would not have been awarded liquidated damages under either the FLSA or the NYLL, or indeed at all. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) ("[D]istrict courts [have] discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith.'" (citing 29 U.S.C. § 260)); *Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 505-06 (S.D.N.Y. 2015) (collecting cases holding that plaintiffs are entitled to only one set of liquidated damages). Burgos also has concerns about collectability, Letter at 2, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *accord Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015).

As to the fourth and fifth factors, there are no signs in this case of fraud or collusion. Burgos was represented by competent, experienced counsel, and the Agreement appears to be the product of arm's-length negotiations. *See* Letter at 1–2. Moreover, because Burgos no longer works for defendants and intends to "return to his home country of the Dominican Republic," *id.* at 2–3, the Court has little concern that defendants used improper leverage to secure settlement. *See Cisneros v. Schnipper Rest. LLC*, No. 13 Civ. 6266 (JMF), 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the defendant").

Finally, the Court can identify no factor that weighs against settlement approval in this case. First, the Court is unaware of other employees in the same position as Burgos, who, as sole plaintiff, will be the only employee affected by dismissal. *See* Letter at 1–2; *Penafiel*, 2015 WL

7736551, at *2 (fact that "no other employee ha[d] come forward" supported settlement approval); *Santos v. Yellowstone Props., Inc.*, No. 15 Civ. 3986 (PAE), 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) (same). Second, there is no indication of a pattern of FLSA violations by defendants or a likelihood that Burgos' circumstances will recur. Third, Burgos' complaint does not appear to raise any novel factual or legal issues that would further the development of law in this area. Fourth, although the release references "discrimination law(s)," Agreement ¶ 3, it is tailored to Burgos' wage-and-hour claims. *See also* Agreement, Ex. A ¶ 1 (releasing "any and all claim for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, related penalties, interest, or any other related claims stated in the complaint."); *Martinez*, 2016 WL 206474, at *2 ("Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Fifth, the Agreement does not contain a confidentiality or non-disparagement provision. *See Lopez*, 96 F. Supp. 3d at 177–81 (discussing why confidentiality provisions are in tension with the remedial purposes of the FLSA); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015) (overbroad non-disparagement provision "contravenes the remedial purposes of the [FLSA]") (internal quotation marks and citation omitted).

Therefore, having considered the totality of the circumstances, the Court finds the Agreement fair and reasonable.

**B. Approval of Attorneys' Fees**

The settlement contemplates that plaintiff's counsel receive $2,500, which is one-third of the total settlement fund. Letter at 4. Plaintiff's counsel is not requesting "separate reimbursements of costs incurred for filing and service of process." *Id.* Although attorneys'

fees equaling one-third of the settlement amount are generally considered fair, *see Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("[A] fee that is one-third of the fund is typical, and courts in this district have awarded 33% of substantially larger settlement funds in similar combined FLSA–NYLL wage and tip class actions."), and such fees are likely reasonable here, the parties have not provided the Court with information about their work on this case that would allow the Court to reliably make that determination here. At a minimum, plaintiff's counsel must provide records detailing the "hours expended" and "the nature of the work done" for each attorney as well as evidence of how the proposed fees compare to plaintiff's counsel's lodestar. *Lopez*, 96 F. Supp. 3d at 181–82 (citing *Wolinsky*, 900 F. Supp. 2d at 336).

**CONCLUSION**

For the foregoing reasons, the Court holds the parties' motion in abeyance until such time as plaintiff submits the information detailed above about plaintiff's counsel's work on this matter. The Court directs plaintiff's counsel to submit such information by Wednesday, December 7, 2016.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: December 1, 2016
New York, New York