UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DOMINGO BURGOS,

                         Plaintiff,

         -v-

SAN MIGUEL TRANSPORTATION, INC. and CARLOS
CAMARENA,

                         Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12-14-16

16 Civ. 5929 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On November 11, 2016, the parties applied to the Court for approval of a proposed settlement agreement in this Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and New York Labor Law ("NYLL") action. The application contained a joint letter, Dkt. 10 ("Letter"), the proposed agreement, Dkt. 10, Ex. 1 ("Agreement"), and a stipulation dismissing this action with prejudice, Dkt. 10, Ex. 2. On December 1, 2016, the Court stated that it was prepared to approve the Agreement in principle, but withheld approval until plaintiff provided the Court with further information regarding plaintiff's counsel's work on the matter. Dkt. 11. On December 5, 2016, plaintiff's counsel filed a letter justifying the contemplated fee award, Dkt. 12 ("Fee Letter"), and included an invoice of his billing records for his work on the matter, Dkt. 12, Ex. 1 ("Fees Schedule"). For the reasons set forth below, the Court now approves the Agreement.

## DISCUSSION

Under the Agreement, plaintiff's counsel receives $2,500, which is one-third of the total settlement fund. Letter at 4. Plaintiff's counsel is not requesting a separate reimbursement of the costs incurred in this case. *Id.* This fee, which accounts for one-third of

the total settlement amount, is consistent with "contingency fees that are commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); *cf. Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement net of costs."). Regardless, the Court must independently ascertain the reasonableness of the fee request. *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *2 (S.D.N.Y. Nov. 30, 2015) (citing 29 U.S.C. § 216(b) (allowing "a *reasonable* attorney's fee") (emphasis in *Panafiel*)).

The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). As to the reasonable hourly rate, the Court's analysis is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190–91 (2d Cir. 2008).

Plaintiff's counsel, Peter H. Cooper, Esq., has provided time records documenting the 13.7 hours he worked on this matter. *See* Fees Schedule. The Court finds that the Fee Schedule is sufficiently thorough that it reflects sound billing practices, and does not reveal duplication of effort. Regarding hourly rates, Cooper proffers a billing rate of $400 per hour, and outlines his

qualifications for this rate in the Fee Letter. The Court notes, however, that in a recent unrelated wage-and-hour case before the Court, the Court found $350 per hour to be Cooper's reasonable hourly rate. *See Escobar v. Fresno Gourmet Deli Corp.*, No. 16 Civ. 6816 (PAE), 2016 WL 7048714, at *4 (S.D.N.Y. Dec. 2, 2016) (explaining that the Court could be convinced in a future case to find that Cooper's reasonable billable rate is higher); *cf. Vasquez v. TGD Grp., Inc.*, No. 14 Civ. 7862 (RA), 2016 WL 3181150, at *4–5 (S.D.N.Y. June 3, 2016) ("This Court recently concluded that Mr. Cooper's proposed rate of $400 is too high." (citing *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *4 (S.D.N.Y. Dec. 15, 2015))).

Regardless of whether the Court concludes that Cooper's reasonable rate is $350 or $400 per hour, Cooper's requested fee award is a fraction of the potential lodestar value. That is, the $2,500 fee award represents a multiplier of either 0.46 of the proffered lodestar,[1] or 0.53 of the modified lodestar.[2] The Agreement's contemplated fee award is thus less than what this District traditionally approves, and is reasonable given the outcome in this case. *See, e.g., Hart v. RCI Hosp. Holdings, Inc.*, No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *14 (S.D.N.Y. Sept. 22, 2015) (finding a multiplier of 1.08 "quite low relative to the multipliers in many cases in which fees have been approved in this District").

## CONCLUSION

For the foregoing reasons, the Court approves the parties' settlement agreement, pursuant to which Burgos is to recover two-thirds, or $5,000, and his counsel is to retain one-third, or

---

[1] The proffered lodestar is $5,480, based on 13.7 hours at $400 per hour.

[2] The modified lodestar is $4,795, based on 13.7 hours at $350 per hour.

$2,500. This action is hereby dismissed with prejudice, and the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 14, 2016
       New York, New York